By the Court, Bronson, J.
It will not be necessary to examine all of the questions which were made on the trial. The statement of a few plain principles will be sufficient *149 to dispose of the case. As there has been no eviction, there has been no breach of the covenant for quiet enjoyment in the defendant’s deed to Babcock. The action then rests on the promise which, it is said, the defendant made to Babcock, to pay oS the mortgage, The promise was made at the time the'deed was executed, and was merged in the written agreement. If it had been made after the conveyance, it would have been without consideration, and void. The remedy would be on the covenant in the deed. (Miller v. Watson, 5 Cowen, 195.) Although that case was several times before the court, the principle laid down at first was not afterwards departed from. The evidence to show a promise, was improperly admitted.
It follows, from what has been said, that Babcock, if he had paid'the money, could not maintain an action on the ground of a promise. But suppose he could. Aside from the covenant, which runs with the land, there is no privity between the plaintiff and the defendant, Surely, the promise did not run with the land, and so pass by Babcock’s deed to the plaintiff; and there has been no assignment of it in any other form. But if it had been transferred, the assignee could not sue in his own name.
The defendant is bound by express contract—the covenant for quiet enjoyment; and the plaintiff cannot recover on the ground of an implied promise.
New trial granted.